IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAXTON COOPER, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 16-764 |
| | : | |
| v. | : | |
| | : | |
| WARDEN ECKARD, et al., | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                       February 29, 2016

This matter is before the court on an application to proceed *in forma pauperis* and a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner. Although the court will grant the petitioner leave to proceed *in forma pauperis*, the court will dismiss the petition because it is properly designated as a second or successive petition and the petitioner did not receive permission to file it from the Third Circuit Court of Appeals.

I.      BACKGROUND

The *pro se* prisoner petitioner, Braxton Cooper, filed an application to proceed *in forma pauperis* and a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on February 8, 2016.[1] Doc. No. 1. This petitioner had previously filed a similar habeas petition on or about December 15, 2015. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("First Pet."), *Cooper v. The District Attorney of the County of Philadelphia, et al.*, No.

---

[1] Under the "prisoner mailbox rule," a *pro se* prisoner's habeas petition is considered filed on the date the prisoner delivers the petition to prison authorities for filing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *see Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing"). Here, the petitioner verified that he placed the petition in the prison mailing system on "2/8/16." Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF p. 19, Doc. No. 1. As such, the court has used February 8, 2016, as the date he filed the petition with the Clerk of Court.

15-cv-6721 ("*Cooper I*"), Doc. No. 1. This court reviewed that petition and generally described it as follows:

> Although the petition is difficult to follow, to the point of being downright confusing at times, it appears that the petitioner is seeking habeas relief based on his belief that he is an independent sovereign over which the government cannot exercise control. Quite illustratively, the petitioner has framed his request for relief in the following way: "remove the body of self from the artificial state corporate institution. My body is not surety for this business transaction . . . ." Doc. No. 1 at 18.

Memorandum Op. at 1, *Cooper I*, Doc. No. 2.

After reviewing this petition and the application to proceed *in forma pauperis*, the court granted the application and dismissed the petition for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) on February 2, 2016. *Id.* at 1-3. The court also declined to give the petitioner leave to file an amended petition. *Id.* at 2-3.

Shortly after dismissal of the habeas petition in *Cooper I*, the petitioner filed the instant petition and an application to proceed *in forma pauperis* (the "IFP Application"). Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Second Pet."), Doc. No. 1. Although the petitioner filed this second petition close in time to the court's order dismissing the first petition, he appears to have received the court's order dismissing the first petition prior to filing the second petition. *See id.* at 17 ("I was requesting habeas corpus petition 15-cv-6721 be reopened.").[2] The second petition challenges the same underlying convictions and sentence as the first petition.[3] *Id.* at 1-2.

---

[2] Because the petitioner has included separate, hand-written pages in the petition, the court uses the ECF page numbers when referring to this petition.

[3] Although the first petition did not reference the underlying criminal action number for his state-court charges, the petitioner mentioned that he had received a sentence of 87 years. First Pet. at 1. In the second petition, the petitioner once again references his sentence of 87 years, but he also mentions the docket number (CP-51-CR-2010-13529) and the date of his judgment of sentence ("8/21/15"). Second Pet. at 1. In addition, despite the lack of specificity in the first petition, a comparison of the allegations contained in the petitions demonstrates that the petitioner is referencing the same underlying criminal case in both petitions.

2

Similar to his first petition, the petitioner once again sets forth his assertions in a confusing and disjunctive fashion.[4]  Although the petitioner technically indicates that he has three grounds supporting his claim that he is being held in violation of the Constitution, laws, or treaties of the United States, he essentially reasserts the same argument for each ground.  *See id.* at 8, 10, 12.  In this regard, he appears to "challenge[] subject matter jurisdiction the enacting clauses on laws [sic]" because "these state laws statue [sic] criminal [sic] have no real enacting clauses making them not real laws.  Under color of law."  *Id.* at 8.  He also appears to once again claim that he is entitled to relief because "my body is not surety for this corporate business trans action [sic]."  *Id.* at 7.

He also provides this purportedly instructive guidance on his claims:

Relief.  Is found in constitutional law, treaties violations of the United States.  I had a expatriation authenticated by Barry (Painter) . . . 11/27/11 and peace treaty Moorish.  See Friendship Treaty.  This sentence is to [sic] lengthy and cruel and unusual punishment.  Constitutional violation.  I represen[t] one for we the people.  Request (Relief [sic] of the body immediately.)  I claim High priest under Melchizedek, First born son.  God's child see Exodus 13:12 only child to my mother.  Child of God, son of the covenant.  All crimes are commercial see, 27.11 Criminal Federal Regulations.

   Also see:  Note Jesus Christ proclaimed the Kingdom or (Government) of God has a Government-divine Government by will of God and by God's law not paganized human Government by will of man and made laws.  Color of Law.  (Release the Body Immediately).  See Meclizedek ps. 11.4. Heb. 7:8:9:10.

Relief.

See Rev. 18:4 come out of the Beast, 666.  See Rev. 13:14 How the Roman Empire First Beast has Deceived America.  See Rev. 13:16.  See Battle of great day of God Almighty. (Revelation 19:19) with false (profits) prophets.  God people are to be sovereign come stra[i]ght to God not man.  and his laws.  See

---

[4] The petitioner indicates that he has filed an appeal with the Superior Court and that he has even filed petitions under Pennsylvania's Post Conviction Relief Act ("PCRA").  *See, e.g.* Second Pet. at 4, 7.  The court has reviewed the publicly-accessible docket for the underlying criminal action in the Court of Common Pleas of Philadelphia County, docketed at No. CP-51-CR-2010-13529.  Those docket entries do not reflect the filing of any PCRA petitions or any appeals from his judgment of sentence entered on August 21, 2015.  *See* Pennsylvania Common Pleas Docket Sheet, https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0013529-2010 (last accessed Feb. 26, 2016).

>Sam 1. 10:19. A rejection of God by way of placing a Rules over you see Sirach 17:17 and Sirach 338 19-23 do not give up any of your rights, not even to your children.
>
>I Request Lynn Abraham and all Successor If my notary protest was unrebutted to give me a [sic] relief of $400,000,000.00 in Gold or Silver coinage. My notary protest went unrebutted as stated on Record. 2 mos. Before sentence <u>Aug. 21, 2015</u> or more. Still no Rebuttal. The case had no proof and the jury was not inform[ed] of the UCC Code 1-103.5.6 harmonizing state Rule with common Law! (<u>"Anything else is Fraud"</u>)!

*Id.* at 5-6.

## II.  DISCUSSION

### A.  <u>The IFP Application</u>

Regarding applications to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). Here, it does not appear that petitioner has sufficient funds in his inmate account to pay the $5.00 filing fee. Accordingly, the court will grant the IFP Application and provide the plaintiff with leave to proceed *in forma pauperis*.

### B.  <u>Review of the Section 2254 Petition</u>

After reviewing the totality of the allegations set forth in the instant section 2254 habeas petition as best as possible under the circumstances, it appears that the petitioner is once again attempting to challenge his underlying state-court convictions and sentence by arguing "a theory of sovereignty that has no footing in any source of federal law." Memorandum Op. at 2, *Cooper I*. Nonetheless, the court cannot address the merits of this argument because this second petition appears to be a "second or successive" section 2254 habeas petition that is not properly before this court.

A district court does not have jurisdiction to consider an unauthorized "second or successive" habeas petition challenging the same conviction as a prior petition. 28 U.S.C. § 2244(b)(3)(A); *see Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) ("An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." (citing 28 U.S.C. § 2244(b)(3)(A)). In this regard, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Even if the petitioner was asserting a new claim in this second petition, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before he can raise such a claim in the district court. 28 U.S.C. § 2244(b)(3)(A).

Concerning whether the instant petition is a "second or successive" petition, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not define the phrase "second or successive." *See Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005) ("Section 2244's strict procedural regime and substantive standards only apply if [the petitioner's] current petition is 'second or successive' within the meaning of the statute. Section 2244, however, does not define what constitutes a 'second or successive' petition."); *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires [the procedure of first obtaining authorization from a court of appeals before filing a "second or successive" application], it does not define what is meant by 'second' or 'successive.'"). Nonetheless, "'a prisoner's application is not

second or successive simply because it follows an earlier federal petition.'" *Benchoff*, 404 F.3d at 817 (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *see also Stewart*, 523 U.S. at 643 ("This may have been the second time that respondent had asked the federal courts to provide relief on his *Ford* claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)). Instead, the "second or successive" "doctrine . . . bar[s] claims that could have been raised in an earlier habeas corpus petition." *Benchoff*, 404 F.3d at 817 (citations omitted). In addition, "if a prisoner has filed a previous habeas petition that was adjudicated ***on the merits***, he may not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals." *In re Stitt*, 598 F. App'x 810, 811 n.1 (3d Cir. 2015) (emphasis added); *see Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) ("Rohn previously filed a § 2254 petition that was dismissed as untimely, and, because that disposition counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b)." (citations omitted)).

As explained above, the court dismissed the petitioner's first section 2254 petition because it failed to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). A dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure constitutes a dismissal on the merits. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim . . .: as a judgment on the merits."); *Federated Dep't Stores, Inc. v. Moitie*, 454 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). The standard for dismissing a complaint for failure to

state a claim pursuant to section 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under section 1915(e)(2)(B)). Therefore, as the petitioner proceeded *in forma pauperis* in the first petition and is doing so again with respect to his second petition, a dismissal of an action for failure to state a claim under section 1915(e)(2)(B)(ii) constitutes a resolution of the petition on the merits. *See Porter v. Cancelmi*, 318 F. App'x 48, 50 n.2 (3d Cir. 2008) (explaining that the magistrate judge correctly concluded that "a dismissal of an *in forma pauperis* complaint for failure to state a claim under § 1915(e)(2)(B)(ii) constitutes a final judgment on the merits").

Here, the petitioner appears to be raising the same frivolous and legally deficient claims to the same state-court convictions and sentence that he raised in his first habeas petition. The petitioner also seeks the same form of relief, namely, his release from incarceration.[5] Despite recognizing that this court had denied his first section 2254 petition, he filed a second section 2254 petition without first receiving authorization from the Third Circuit Court of Appeals. This second petition is a "second or successive" petition under section 2244(b) because (1) he raises claims that he raised in the first petition, (2) to the extent that any of his claims are "new" claims, he could have raised those claims in the first petition, and (3) the court dismissed his first petition on the merits. As the petitioner failed to get the Third Circuit to authorize the filing of this second or successive petition, this court lacks jurisdiction to consider the merits of the petition.

---

[5] The court recognizes that the petitioner also includes some random references (in both petitions) to seeking $400,000,000 in gold and silver "coinage," but such claims for damages are also not cognizable in habeas petitions.

### C.  Certificate of Appealability

The court will not issue a certificate of appealability under 28 U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III.  CONCLUSION

The petitioner has previously filed a section 2254 petition for a writ of habeas corpus on his "theory of sovereignty that has no footing in any source of federal law."  Memorandum Op. at 2, *Cooper I*.  This court dismissed the petition under section 1915(e)(2)(B)(ii) because the petitioner was proceeding *in forma pauperis* and he had failed to state a claim upon which he could obtain habeas corpus relief.  The instant, second section 2254 petition raises the same theory of sovereignty claim that the court rejected in the first petition.  As the court previously rejected the merits of the petitioner's claim, this second petition is a "second or successive" section 2254 petition that required approval by the Third Circuit before filing.  Because the petitioner did not receive any such authorization, the court will dismiss without prejudice the petition because the court lacks subject-matter jurisdiction to consider its merits.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.