IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAXTON COOPER, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 16-764 |
| | : | |
| v. | : | |
| | : | |
| WARDEN ECKARD, et al., | : | |
| | : | |
| Respondents. | : | |

### MEMORANDUM OPINION

Smith, J.                                                                                             March 17, 2016

On February 29, 2016, the court dismissed the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 because it was a second or successive petition and the petitioner had not received authorization from the United States Court of Appeals for the Third Circuit before filing it. Doc. Nos. 2, 3. The petitioner filed a "Memorandum of Public Rules" (the "Memorandum") on or about March 7, 2016.[1] While not immediately evident by reviewing the Memorandum, it appears that the petitioner is seeking reconsideration of the court's February 29, 2016 order. As such, the court has reviewed the submission as a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) states that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The scope of review of a motion for reconsideration under Rule 59(e) is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). In this regard, Rule 59(e) motions "are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to

---

[1] Unfortunately, it is not possible to discern when the petitioner placed this document in the hands of prison officials for mailing to the clerk of court. As such, the court has used the date contained in the postmark on the envelope used to mail the Memorandum.

present newly discovered evidence." *Id.* As such, the court may alter or amend a judgment if the movant shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [disposed of] the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citation omitted) (emphasis omitted).

Here, the petitioner repeats many of the allegations he included in his original petition such as those relating to his holding of sovereign political power, his reliance on the Supreme Court's decision in *Hale v. Henkel*, 201 U.S. 43 (1906), and his convoluted interpretation of subject-matter jurisdiction. *See generally* Memorandum of Public Rules. Suffice it to say that the petitioner has not demonstrated any ground for reconsidering the order dismissing his habeas petition. In this regard, he has not identified any change in the controlling law despite his statement that "[t]he claim relies on a new rule of constitutional law by past case ect. by the U.S. Supreme Court that was previously unavailable: See <u>Hale v. Henkel</u> sited [sic] 1600 times. '<u>I stand on that Case</u>,' !!!!!" Obviously, *Hale* does not constitute a change in the controlling law.[2] The plaintiff has also failed to identify any new evidence that was unavailable when the court dismissed his habeas corpus petition. Finally, the petitioner has not shown that the court needs to correct a clear error of law or fact or to prevent manifest injustice. In fact, the petitioner has not set forth any argument that would cast doubt on the propriety of the court's ruling that the petitioner had attempted to file an unauthorized second or successive habeas petition. Instead, he has continued to assert his convoluted notions of sovereignty and other untenable arguments, all of which conclusively demonstrate that he is not entitled to relief. In essence, the petitioner is attempting to relitigate his meritless case, which is not a valid ground for seeking reconsideration.

---

[2] In addition, the petitioner does not articulate a cognizable (or competent) reason on how *Hale* applies to his case.

Although the petitioner has timely moved for reconsideration of the court's order dismissing his unauthorized second or successive section 2254 habeas corpus petition, he has not established any ground warranting reconsideration of the February 29, 2016 order. Accordingly, the court will deny the motion for reconsideration.[3]

A separate order follows.

BY THE COURT:

/s/ <i>Edward G. Smith</i><br>EDWARD G. SMITH, J.

---

[3] The court also declines to issue a certificate of appealability because the petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).